IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                                                        NO. 29,199

EDWARD T. MARTINEZ,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

    Defendant appeals the district court's judgment and sentence, entered pursuant to a jury trial, by which Defendant was convicted for possession of a controlled substance (cocaine) and failure to notify an owner upon striking a fixture or property. Unpersuaded by Defendant's docketing statement that insufficient evidence was

presented, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition and a motion to amend the docketing statement to add a constitutional challenge to the effectiveness of his counsel. We have considered Defendant's arguments and his motion. We remain unpersuaded that insufficient evidence was presented, and we are not persuaded to grant the motion to amend the docketing statement. We, therefore, deny the motion to amend and affirm.

**SUFFICIENCY OF THE EVIDENCE**

Defendant challenges the sufficiency of the evidence to support his convictions, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). We engage a two-step analysis to evaluate a challenge to the sufficiency of the evidence presented to support a conviction. First, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Second, we "make a legal determination of whether the evidence viewed in this manner 'could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt.'" *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (citations

2

omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (citation omitted). The question for us is whether the trial court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318, 323 (citation omitted). "[S]ubstantial evidence [is such] relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citations omitted).

We look to the jury instructions to measure the sufficiency of the evidence to support the verdict. *See State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986). For the charge of possession of cocaine, the jury was asked to determine whether the State proved beyond a reasonable doubt that Defendant had cocaine in his possession and Defendant knew or believed it was cocaine or some other illegal substance. [RP 67] The instructions explained that "[a] person is in possession of [c]ocaine when . . . he knows what it is, he knows it is on his person or in his presence and he exercises control over it." [RP 68]

In the present case, the State presented evidence that Defendant, driving in a

truck, fled from an officer who was trying to stop the truck, after having recognized Defendant as someone with outstanding warrants for his arrest. [DS 2] Defendant sped away, drove quickly into a private driveway to avoid the officer, and stopped only after hitting a chain-link fence. [Id.] Defendant fled from the truck on foot. [Id.] During a subsequent search, officers found a baggie with a white substance that tested positive for cocaine in the open compartment of the driver's side door. [DS 3]

Defendant contends that where there is non-exclusive access to drugs, a defendant's mere presence and proximity to the drugs is insufficient evidence of possession. [MIO 7] As we stated in our notice, however, Defendant's proximity to the drugs was not the only evidence of possession. To affirm a conviction for constructive possession where there is non-exclusive access, "this [c]ourt must be able to articulate a reasonable analysis that the jury might have used to determine knowledge and control." *State v. Morales*, 2002-NMCA-052, ¶ 29, 132 N.M. 146, 45 P.3d 406 (citation omitted). As we have previously held, a jury can reasonably infer a defendant's consciousness of guilt from his or her flight. *See State v. Gutierrez*, 2007-NMSC-033, ¶ 36, 142 N.M. 1, 162 P.3d 156. Defendant fled not only from the officer, but also from the truck. *See Morales*, 2002-NMCA-052, ¶ 31 ("We cannot overlook the incriminatory nature of [d]efendant's behavior, the extremes to which he went seemingly to avoid capture, and the inferences a jury could reasonably draw

4

from that conduct."). Defendant's flight from the officer was unprovoked and his flight from the truck could be reasonably explained by his knowledge that he was in possession of cocaine. This inference of knowledge is supported by another inference of knowledge the jury could reasonably draw from the fact that the cocaine was found in a compartment on the driver's side of the truck, Defendant was driving the truck, and he was the occupant in control of the truck. *See id.* ¶¶ 3-6, 27-33 (holding that sufficient evidence supported the defendant's conviction for possession of heroin where the defendant drove aggressively toward, then fled away from, police with other occupants in the car, including a known heroin addict, and heroin was found under the driver's side floor mat). As we viewed the evidence in *Morales*, "this [too] is a case of one inference supporting another, leading in combination to a reasonable conclusion that [d]efendant was likely aware of [the cocaine in the driver's side compartment]." *Id.* ¶ 33. For these reasons, we affirm Defendant's conviction for possession of cocaine.

For the charge of failure to notify an owner upon striking a fixture or property, the jury was instructed to consider whether the State proved beyond a reasonable doubt that Defendant was the driver of a vehicle involved in an accident; damage was done only to fixtures or other property legally upon or adjacent to a highway resulting from the accident; Defendant failed to take reasonable steps to locate and notify the

5

owner or person in charge of such property of the damage thereto and to identify himself; Defendant failed to make a report of the accident. [RP 69] The State was required to prove that Defendant acted intentionally, meaning that he purposely committed an act that the law declares to be a crime. [RP 70]

Our notice observed that, in the present case, the State presented evidence that while Defendant was fleeing from the officer at high rates of speed, he entered a private drive, which was blocked by a fence and locked gate. [RP 26] The officer observed that Defendant gained more speed on the private drive and rammed into the gate to break it and proceed through the chain-link fence. [Id.] When the fence caught the wheel of the vehicle, making it come to a stop, Defendant fled on foot away from the vehicle and the property he damaged. [Id.]

Viewing these facts in the light most favorable to the verdict, we proposed to hold that they support a reasonable inference and constitute sufficient evidence that Defendant purposefully damaged the property with his vehicle without notifying the owner, identifying himself, and reporting the accident. *See Cunningham*, 2000-NMSC-009, ¶ 26. Defendant has raised no new arguments in his memorandum in opposition to our notice. [MIO 8-9] We affirm his conviction.

**MOTION TO AMEND**

Defendant moves to amend his docketing statement to add to challenge the

6

constitutional effectiveness of trial counsel. [MIO 9-11] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Defendant represents that on the first day of trial he informed the judge that he did not want his attorney to continue representing him. [MIO 10] Defendant also represents that his trial attorney informed Defendant and the judge that he no longer wanted to represent Defendant. [Id.] Defendant states that no motion to withdraw was ever filed. [Id.] To the extent that Defendant asserts that he could have done better at trial without counsel, we are not persuaded. Defendant points to no specific instance of alleged incompetence or prejudice. Further, there is no indication that

7

Defendant's representations on appeal are a matter of record. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."). "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (citation omitted).

Even if we were to assume Defendant's assertions are true, however, given Defendant's failure to make any showing of his attorney's incompetence, we presume competence, and presume that defense counsel's decision to continue representing Defendant was a very reasonable trial tactic that we will not second guess on appeal. *See State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127 (stating that counsel is presumed competent); *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel.") (internal quotation marks and citation omitted). Lastly, we note that Defendant gives no indication that he pursued his intention to proceed to trial without representation. "To allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice." *State v. Handa*, 120 N.M. 38, 45-46, 897 P.2d 225, 232-33 (Ct. App. 1995)

8

(internal quotation marks and citation omitted).

Because Defendant has not provided this Court all the facts material to our consideration of the new issue sought to be raised and because it does not appear to be viable on the record before us, we deny Defendant's motion to amend. *See Rael*, 100 N.M. at 197, 668 P.2d at 313; *Moore*, 109 N.M. at 129, 782 P.2d at 101.

For the reasons discussed above and in our notice, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**